# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**ROBERT SNYDER**                                                                                     **PLAINTIFF**

**V.**                    **CASE NO. 4:19-cv-00372-JM**

**LIBERTY LIFE ASSURANCE COMPANY**
**OF BOSTON**                                                                             **DEFENDANT**

## ORDER

Pending are Plaintiff's motion for default judgment (Doc. No. 9) and motion to remand this action to state court (Doc. No. 10). Defendant has responded and filed a cross-motion to transfer venue to the Western District of Arkansas (Doc. No. 11). For the reasons stated below, the cross-motion to transfer is denied, and the motion to remand is granted.

### Facts

The foregoing timeline of events sets out the dates relevant to this Order:

| | |
|---|---|
| **April 12, 2019** | Plaintiff files his lawsuit in Benton County Circuit Court. |
| **April 16, 2019** | Plaintiff places the complaint and summons in the mail to Defendant. |
| **April 22, 2019** | Defendant receives the complaint and summons by certified mail. |
| **May 22, 2019** | Last day for Defendant to file an answer in Benton County Circuit Court. |
| | Last day for Defendant to file a notice of removal. |
| **May 28, 2019** | Defendant files a notice of removal in Eastern District of Arkansas. |
| **May 29, 2019** | Plaintiff files a motion for default judgment in Benton County Circuit Court. |
| **May 30, 2019** | Defendant files the notice of removal in Benton County Circuit Court. |
| **June 14, 2019** | Plaintiff files a motion to remand to state court. |
| **June 26, 2019** | Defendant files a response opposing the motion to remand and a cross-motion for transfer to the Western District of Arkansas. |

## Discussion

**A. Remand**

28 U.S.C. § 1446(b) generally governs the time period for removal to federal court:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added.) The 30-day time period to remove this action to federal court from the Circuit Court of Benton County began to run on April 23, 2019, the day after Defendant was served with the complaint and summons, and the deadline to file the notice of removal was May 22, 2019. Defendant argues that Fed. R. Civ. P. 6(d) allows three extra days to file since the complaint was sent by mail. The Court disagrees. The three-day period to accommodate mail time does not apply to the removal statute which states that the time-clock does not start ticking until after the defendant has received service. *See Short v. Lukacs*, No. 4:06CV448 JCH, 2006 WL 1313997, at *2 (E.D. Mo. May 11, 2006) ("[T]his Court agrees with the great majority of courts to consider the issue, and concludes that Rule 6(e) does not extend the statutory thirty-day period for filing a notice of removal."); 4B Fed. Prac. & Proc. Civ. § 1171 (4th ed.) (The three-additional-days provision also does not apply to the time period for filing a notice of removal from a state court.) Defendant did not remove until May 28, 2019, six days after the 30-day time limit had run. Therefore, the case was not properly removed, and the motion to remand is granted.

B. Transfer

28 U.S.C.A. § 1446 provides that a defendant desiring to remove any civil action from a state court shall file a notice of removal in the district court of the United States for the district and division within which such action is pending. Defendant acknowledge that it incorrectly removed this case to the Eastern District of Arkansas rather than to the Western District of Arkansas argues that the case should be transferred to the correct district rather than be remanded. The Court, however, after considering the circumstances of this procedural defect, is persuaded by the reasoning of Judge Marshall in *Hampton Pugh Co. v. Monsanto Co.*, No. 3:17-cv-200-DPM, 2018 WL 295563 (E.D. Ark. Jan. 4, 2018), and finds that remand is the appropriate remedy in this case rather than transfer. The motion for transfer is denied.

**C. Default**

The motion for default judgment is reserved for state court.

<u>Conclusion</u>

Plaintiff's motion to remand (Doc. No. 10) is GRANTED. Defendant's cross-motion to transfer (Doc. No. 11) is DENIED. The motion for default is left to the decision of the state court. The Clerk is directed to immediately remand the case back to the Circuit Court of Benton County, Arkansas.

IT IS SO ORDERED, this 22nd day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE